UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER NILES, | Case No. 2:22-cv-1619 |
| Plaintiff, | |
| v. | FILED ELECTRONICALLY |
| ROSECROFT CENTER, LLC, | |
| Defendant. | |

# COMPLAINT

COMES NOW, Plaintiff Christopher Niles ("Plaintiff"), and alleges as follows:

## INTRODUCTION

1. Plaintiff brings this action against ROSECROFT CENTER, LLC ("Defendant"), alleging violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, (the "ADA") and its implementing regulations, in connection with accessibility barriers in the parking lots and paths of travel at Defendant's 3306 Wilmington Road, New Castle, Pennsylvania location (the "Facility").

2. Plaintiff has a mobility disability and is limited in the major life activity of walking, which has caused him to be dependent upon a wheelchair for mobility.

3. Plaintiff has visited Defendant's Facility and was denied full and equal access as a result of Defendant's inaccessible parking lots and paths of travel.

4. Defendant has discriminated against individuals with mobility disabilities by implementing policies and practices that violate the ADA's accessibility guidelines resulting in access barriers at Defendant's Facility.

5. Unless Defendant is required to remove the access barriers described below, and required to change its policies and practices so that access barriers do not reoccur at Defendant's Facility, Plaintiff will continue to be denied full and equal access to the Facility as described, and will be deterred from fully using Defendant's Facility.

6. The ADA expressly contemplates injunctive relief aimed at modification of a policy or practice such as the one Plaintiff seeks in this action. In relevant part, the ADA states:

> [i]n the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities . . . Where appropriate, injunctive relief shall also include requiring the . . . modification of a policy . . . .

42 U.S.C. § 12188(a)(2).

7. Consistent with 42 U.S.C. § 12188(a)(2), Plaintiff seeks a permanent injunction requiring that:

  a) Defendant remediate all parking and path of travel access barriers at Defendant's Facility, consistent with the ADA;

  b) Defendant change its policies and practices so that the parking and path of travel access barriers at Defendant's Facility do not reoccur; and,

  c) Plaintiff's representatives shall monitor Defendant's Facility to ensure that the injunctive relief ordered by the Court has been implemented and will remain in place.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

8. The ADA was enacted over thirty ago and is intended to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).

9. The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of life.

10. Title III of the ADA generally prohibits discrimination against individuals with disabilities in the full and equal enjoyment of public accommodations, 42 U.S.C. § 12182(a), and prohibits places of public accommodation, either directly, or through contractual, licensing, or other arrangements, from outright denying individuals with disabilities the opportunity to participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(i), or denying individuals with disabilities the opportunity to fully and equally participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(ii).

11. Title III further prohibits places of public accommodation from utilizing methods of administration that have the effect of discriminating on the basis of a disability. 42 U.S.C. § 12182(b)(1)(D).

12. Title III and its implementing regulations define discrimination to include the following:

- a) Failure to remove architectural barriers when such removal is readily achievable for places of public accommodation that existed prior to January 26, 1992, 28 CFR § 36.304(a) and 42 U.S.C. § 12182(b)(2)(A)(iv);

- b) Failure to design and construct places of public accommodation for first occupancy after January 26, 1993, that are readily accessible to and usable by individuals with disabilities, 28 C.F.R. § 36.401 and 42 U.S.C. § 12183(a)(1);

- c) For alterations to public accommodations made after January 26, 1992, failure to make alterations so that the altered portions of the public accommodation are readily accessible to and usable by individuals with disabilities, 28 C.F.R. § 36.402 and 42 U.S.C. § 12183(a)(2); and

- d) Failure to maintain those features of public accommodations that are required to be readily accessible to and usable by persons with disabilities, 28 C.F.R. § 36.211.

13. The remedies and procedures set forth at 42 U.S.C. § 2000a-3(a) are provided to any person who is being subjected to discrimination on the basis of disability or who has reasonable

grounds for believing that such person is about to be subjected to discrimination in violation of 42 U.S.C. § 12183.  42 U.S.C. 12188(a)(1).

14. The ADA also provides for specific injunctive relief, which includes the following:

> In the case of violations of sections 12182(b)(2)(A)(iv) and section 12183(a) of this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter.  Where appropriate, injunctive relief shall also include . . . modification of a policy . . . to the extent required by this subchapter.

42 U.S.C. § 12188(a)(2); 28 C.F.R. § 36.501(b).

## JURISDICTION AND VENUE

15. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188(a)(2).

16. Plaintiff's claims asserted herein arose in this judicial district, and Defendant does substantial business in this judicial district.

17. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(1) and (2) in that this is the judicial district where Defendant resides and in which a substantial part of the events and/or omissions at issue occurred.

## PARTIES

18. Plaintiff Christopher Niles is and, at all times relevant hereto, was a resident of New Castle, Pennsylvania. Plaintiff, as a result of an accident, is substantially limited in one or more major life activities, particularly with respect to ambulation. Plaintiff is, therefore, a member of a protected class under the ADA, 42 U.S.C. § 12102(2), and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 *et seq*.

19. Defendant is a corporation organized under Maryland law. Defendant owns and controls the Facility located at 3306 Wilmington Road, New Castle, Pennsylvania that houses the Field Club Commons shopping center.

20. Defendant is a public accommodation pursuant to 42 U.S.C. §12181(7).

## FACTUAL ALLEGATIONS

**I.   Plaintiff Has Been Denied Full and Equal Access to Defendant's Facility.**

21. Plaintiff has visited Defendant's Facility within the applicable limitations period, where he experienced unnecessary difficulty and risk due to the excess slopes of access aisles and parking spots, and because of other ADA accessibility violations as set forth in more detail below.

22. Despite these risks, Plaintiff plans to return to Defendant's Facility, as he, a consumer of the goods and services offered at the Facility, lives in the New Castle area, and he regularly travels throughout the region to shop and/or patronize restaurants and other businesses. Furthermore, Plaintiff intends to return to Defendant's Facility to ascertain whether the Facility remains in violation of the ADA.

23. As a result of Defendant's non-compliance with the ADA, Plaintiff's ability to access and safely use Defendant's Facility has been significantly impeded.

24. Plaintiff will be deterred from returning to and fully and safely accessing Defendant's Facility, however, so long as Defendant's Facility remains non-compliant, and so long as Defendant continues to employ the same policies and practices that have led, and in the future will lead, to inaccessibility at Defendant's Facility.

25. Without injunctive relief, Plaintiff will continue to be unable to fully and safely access Defendant's Facility, which is in violation of his rights under the ADA.

26. As an individual with a mobility disability who is dependent upon a wheelchair, Plaintiff is directly interested in whether places of public accommodation, like Defendant's Facility, have architectural barriers that impede full accessibility to those accommodations to individuals with mobility-related disabilities.

## II. Defendant Repeatedly Denies Individuals with Disabilities Full and Equal Access to Defendant's Facility.

27. Defendant is engaged in the ownership, operation, management, and development of the Facility.

28. As the owner and/or operator and manager of the Facility, Defendant employs centralized policies, practices, and procedures with regard to the design, construction, alteration, maintenance, and operation of its Facility.

29. To date, Defendant's centralized design, construction, alteration, maintenance, and operational policies and practices have violated the ADA by designing, constructing, and altering the Facility so that it is not readily accessible and usable, by failing to remove architectural barriers, and by failing to maintain and operate the Facility so that the accessible features of Defendant's Facility are maintained.

30. On Plaintiff's behalf, investigators examined the Facility owned, controlled, and/or operated by Defendant, and found the following violations in Defendant's parking area and exterior paths of travel, which are illustrative of the fact that Defendant implements policies and practices that result in accessibility violations:

  a) Running slopes of parking spaces as high as 5.8%;

  b) Cross slopes of parking spaces as high as 15.7%; and

  c) Cross slopes of access aisles as high as 6.2%.

31. Defendant's access violations demonstrate that Defendant either employs policies and practices that fail to design, construct, and alter its Facility so that it is readily accessible and usable, and/or that Defendant employs maintenance and operational policies and practices that are unable to maintain accessibility.

32. Accordingly, Plaintiff seeks an injunction to remove the barriers currently present at Defendant's Facility and an injunction to modify the policies and practices that have created or allowed, and will create and allow, inaccessibility to affect Defendant's Facility.

**SUBSTANTIVE VIOLATION**
**Title III of the ADA, 42 U.S.C. § 12181, *et seq***

33. The allegations contained in the previous paragraphs are incorporated by reference.

34. Defendant's Facility was altered, designed, or constructed after the effective date of the ADA.

35. Defendant's Facility is required to be altered, designed, and constructed so that it is readily accessible to and usable by individuals who use wheelchairs. 42 U.S.C. § 12183(a).

36. Further, the accessible features of Defendant's Facility, which include the parking lots and paths of travel, are required to be maintained so that they are readily accessible to and usable by individuals with mobility disabilities. 28 CFR § 36.211.

37. The architectural barriers described above demonstrate that Defendant's Facility was not altered, designed, or constructed in a manner that causes it to be readily accessible to and usable by individuals who use wheelchairs, and/or that Defendant's Facility was not maintained so as to ensure that it remained accessible to and usable by individuals who use wheelchairs.

38. Furthermore, the architectural barriers described above demonstrate that Defendant has failed to remove barriers, as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

39. Defendant's failure to design, construct, and alter the Facility so that it is readily accessible and usable, to remove architectural barriers, and to maintain the accessible features of its Facility constitutes unlawful discrimination on the basis of a disability in violation of Title III of the ADA.

40. Defendant's Facility is required to comply with the Department of Justice's 2010 Standards for Accessible Design, or in some cases the 1991 Standards 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.406; 28 C.F.R., pt. 36, app. A.

41. Defendant is required to provide individuals who use wheelchairs full and equal enjoyment of its Facility.  42 U.S.C. § 12182(a).

42. Defendant has failed, and continues to fail, to provide individuals who use wheelchairs with full and equal enjoyment of its Facility.

43. Defendant has discriminated against Plaintiff and has failed to make its Facility fully accessible to, and independently usable by, individuals who use wheelchairs in violation of 42 U.S.C. § 12182(a) as described above.

44. Defendant's conduct is ongoing and continuous, and Plaintiff has been harmed by Defendant's conduct.

45. Unless Defendant is restrained from continuing its ongoing and continuous course of conduct, Defendant will continue to violate the ADA and will continue to inflict injury upon Plaintiff.

46. Given that Defendant has not complied with the ADA's requirements to make Defendant's Facility fully accessible to, and independently usable by, individuals who use wheelchairs, Plaintiff invokes his statutory rights to declaratory and injunctive relief, as well as costs and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, prays for:

a. A declaratory judgment that Defendant is in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendant's parking Facility, as described above, is not fully accessible to, and independently usable by, individuals who use wheelchairs;

b. A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.501(b) which directs Defendant to: (i) take all steps necessary to remove the architectural barriers described above and to bring its parking Facility into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the parking Facility is fully accessible to, and independently usable by, individuals who use wheelchairs; (ii) that Defendant changes its policies and practices to prevent the reoccurrence of access barriers in its parking Facility post-remediation; and, (iii) that Plaintiff shall monitor Defendant's parking Facility to ensure that the injunctive relief ordered above remains in place.

c. Payment of costs of suit;

d. Payment of nominal damages, as permitted by the Supreme Court in *Uzuegbunam v. Preczewski*, 141 S.Ct, 792, 799-802 (2021) ("They [nominal damages] are instead the damages awarded by default until the plaintiff establishes entitlement to some other form of damages, such as compensatory or statutory.");

e. Payment of reasonable attorneys' fees, pursuant to 42 U.S.C. § 12205 and 28 CFR § 36.505; and,

f. The provision of whatever other relief the Court deems just, equitable and appropriate.

Dated: November 15, 2022                    Respectfully Submitted,

*/s/ Nicholas A. Colella*
Nicholas A. Colella
James M. LaMarca
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel: 412-322-9243
Fax: 412-231-0246
NickC@lcllp.com
james@lcllp.com

        R. Bruce Carlson
**CARLSON BROWN**
222 Broad St.
PO Box 242
Sewickley, PA 15143
(724) 730-1753
bcarlson@carlsonbrownlaw.com

*Counsel for Plaintiff*