IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER NILES, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 22-1619 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | Re: ECF No. 8 |
| ROSECROFT CENTER, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

Plaintiff Christopher Niles ("Niles") brings this action against Rosecroft Center, LLC ("Rosecroft") alleging that Rosecroft violated Title III of the Americans with Disabilities Act, 42 U.S.C. § 12010 *et seq.*, in connection with accessibility barriers in parking lots and paths of travel at its facility on Wilmington Road, New Castle, Pennsylvania. ECF No. 1.

On December 2, 2022, Niles filed a Return of Service reflecting that service was executed upon Rosecroft on November 22, 2022. ECF No. 5. After Rosecroft failed to answer or otherwise respond to the Complaint, Niles filed a Request for Entry of Default. ECF No. 6. On December 21, 2022, the Clerk entered default against Rosecroft. ECF No. 7. Niles has not requested that judgment be entered.

At this time, Niles presents a Consent Motion to Set Aside Clerk's Entry of Default, ECF No. 8, and pursuant to Federal Rule of Civil Procedure 55(c), requests that the Court vacate the default entered in his favor.

Rule 55(c) permits the court "to set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The decision to set aside an entry of default is left to the District Court's discretion. United

States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984). Courts generally disfavor default, preferring decisions on the merits. Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982). When determining whether to vacate default, the Court must consider three factors: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; (3) whether the default was the result of the defendant's culpable conduct." $55,518.05 in U.S. Currency, 728 F.2d at 195). When there is a close case, the United States Court of Appeals for the Third Circuit has instructed that "doubts should be resolved in favor of setting aside the default and reaching a decision on the merits." Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 122 (3d Cir. 1983). As for each factor, Niles states:

> [A]s to the first factor, Plaintiff agrees that he would not be prejudiced so the parties can discuss remediation of Defendant's parking lots and paths of travel at its facility as well as any potential early resolution. With respect to the second factor, because Defendant has agreed to discuss remediation of the parking lots and paths of travel at its facility, Defendant is not raising any defenses at this time. Finally, as set forth above, Defendant mistakenly failed to appear or answer the complaint, but, since default was entered, Defendant retained counsel and reached out to Plaintiff's counsel.

ECF No. 8 at 2. Under these circumstances, the Court finds that vacating the Clerk's entry of default will not unduly prejudice Niles. Niles represents that setting aside default will facilitate resolution of his underlying claims through the ordinary litigation process. The meritoriousness of any defense does not weigh against setting aside default, given Rosecroft's stated interest in discussing remediation of its property. And, based on Niles' representation that Rosecroft promptly contacted Niles upon entry of default and explained that default resulted from an error, the Court finds that Rosecroft did not seek to stall or obstruct resolution of this matter in bad faith.

In sum, the factors favor vacating the entry of default against Rosecroft. An appropriate Order follows.

## **ORDER**

Upon consideration of the Consent Motion to Set Aside Clerk's Entry of Default filed on behalf of Plaintiff Christopher Niles, ECF No. 8, and for the reasons set forth in this Memorandum Order, the Court finds that good cause exists to vacate the Clerk's entry of default against Defendant Rosecroft Center, LLC. Accordingly, IT IS HEREBY ORDERED this 16th day of February 2023 that the default entered by the Clerk, ECF No. 7, is vacated.

IT IS FURTHER ORDERED that Defendant Rosecroft Center, LLC shall file its Answer to the Complaint within fourteen days.

IT IS FURTHER ORDERED that counsel for Plaintiff provide a copy of this Order to counsel for Defendant within two business days.

BY THE COURT:

*/s/ Maureen P. Kelly*
UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record via CM/ECF